10-3669-ag
Ci v. Holder

BIA
Abrams, IJ
A094 800 768

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of October, two thousand eleven.

PRESENT:
　　　　JOSÉ A. CABRANES,
　　　　PETER W. HALL,
　　　　DENNY CHIN,
　　　　　　*Circuit Judges.*

_____

CHUN LAN CI,
　　　　　　*Petitioner,*

　　　v.　　　　　　　　　　　　　　　10-3669-ag
　　　　　　　　　　　　　　　　　　　NAC

UNITED STATES DEPARTMENT OF JUSTICE;
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
　　　　　　*Respondents.*

_____

FOR PETITIONER:　　　　Dehai Zhang, Flushing, New York.

FOR RESPONDENTS:　　　Tony West, Assistant Attorney
　　　　　　　　　　　　General; Jennifer Paisner Williams,
　　　　　　　　　　　　Senior Litigation Counsel; Margaret
　　　　　　　　　　　　Kuehne Taylor, Attorney, Office of

Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Chun Lan Ci, a native and citizen of China, seeks review of an August 24, 2010, order of the BIA affirming the October 24, 2008, decision of Immigration Judge ("IJ") Steven R. Abrams, which denied Ci's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").  *In re Chun Lan Ci,* No. A094 800 768 (B.I.A. Aug. 24, 2010), *aff'g* No.  A094 800 768 (Immig. Ct. N.Y. City Oct. 24, 2008).  We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have considered both the IJ's and the BIA's opinions "for the sake of completeness."  *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008).  The applicable standards of review are well-established.  8 U.S.C. § 1252(b)(4)(B); see also *Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008); *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

Contrary to Ci's position, substantial evidence supports the agency's adverse credibility determination. For asylum applications like Ci's, governed by the REAL ID Act, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of her account, or inconsistencies in her statements, without regard to whether they go "to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii).  The agency reasonably relied on inconsistencies in Ci's testimony and between Ci's testimony and information she had previously provided.  *See Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008).  As the IJ found, Ci testified that she wanted to have more children and attempted to conceive, yet did not remove an intrauterine device ("IUD") she had inserted in 1995 until 2007.  Additionally, as to the IUD, Ci testified that it was inserted in 1995, but her written statement listed the date as 2004.  She also testified inconsistently as to the year she divorced her first husband and the year she married her second husband, first stating that the divorce and remarriage occurred in 2005, but later changing her testimony and stating she divorced in 1995.  These inconsistencies provide substantial evidence in support of

3

the adverse credibility finding. Moreover, contrary to Ci's argument, these inconsistencies were a sufficient basis for the agency's adverse credibility finding, even if they do not go to the heart of her claim. 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d 162 at 163.

Ci also argues that the IJ erred in concluding that corroborating documents were needed for her to meet her burden of demonstrating that she was eligible for relief. This argument is unpersuasive. "While consistent, detailed, and credible testimony may be sufficient to carry the alien's burden, evidence corroborating his story, or an explanation for its absence, may be required where it would reasonably be expected." Diallo v. INS, 232 F.3d 279, 285 (2d Cir. 2000); *see also* 8 U.S.C. §§ 1158(b)(1)(B)(ii), 1231(b)(3)(C) (codifying the same principle). The agency's determination that a particular piece of corroborating evidence is available to the applicant is a finding of fact to which we defer under the substantial evidence standard. *See Kyaw Zwar Tun v. INS*, 445 F.3d 554, 563, 568 (2d Cir. 2006). Here, the IJ reasonably found that Ci could have provided supporting documentation and that her failure to do so cast doubt on her claim. Although Ci submitted pages from a household

4

registry booklet indicating that a young girl lived in that household and claimed that the registry booklet was her sister's and the girl was Ci's daughter, she failed to submit copies of all of the pages of the booklet.  Ci also failed to submit statements from her husband or any friends or family members in China corroborating her testimony.  As Ci had submitted a partial copy of the registry and had received other documentation from family members or friends in China, it was reasonable for the IJ to conclude that she could have obtained additional corroboration.  Furthermore, Ci did not submit a contemporaneous certificate verifying her 1994 abortion, instead submitting one she allegedly obtained in 2008, or any documentation of her alleged 1989 stillbirth, her 1990 miscarriage, the birth of her daughter in 1992, or her 1995 divorce.  The IJ reasonably determined that, given her poor credibility, the lack of corroboration made it impossible for Ci to meet her burden, "because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."  *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (internal citations omitted); *Chuilu Liu*, 575 F.3d at 198 n.5.

Ci further argues that the agency failed to consider a letter from a doctor in the U.S. corroborating her statement that she had three terminated pregnancies. Although the IJ did not address the letter and stated erroneously that Ci had never visited a doctor, the letter did not corroborate Ci's claim because it set forth only information Ci had told the doctor. Because the IJ considered the relevant information in the letter, that Ci eventually had her IUD removed, there is no realistic possibility that this minor error affected the IJ's decision. *See Alam v. Gonzales*, 438 F.3d 184, 187-188 (2d Cir. 2006) (remand not required where there is no realistic possibility that, absent the error, the IJ or BIA would have reached a different conclusion).

Ci also argues that the IJ erred in failing to give adequate weight to her abortion certificate. This argument fails, as the weight afforded to the applicant's evidence in immigration proceedings lies largely within the discretion of the IJ. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006). In fact, the IJ discussed the abortion certificate extensively, noting that despite having been obtained fourteen years after Ci's abortion, the certificate did not indicate that it was based on records, but instead, held itself out as a contemporaneous document,

stating Ci's age at the time the document was obtained rather than her age at the time of the abortion, and advising her to rest for one month.

Because Ci's claims were based on the same factual predicate, the agency's adverse credibility determination was a proper basis for denial of her application for asylum and withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006). Ci does not challenge the agency's denial of CAT relief.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7